## Cook *versus* Brown.

In an action for goods sold and delivered, when, to support his claim before the jury, the plaintiff is sworn and produces his book and reads the entries of the charges therein, and testifies that the articles were delivered to the defendant, and no objection is made to the evidence; the Court are not authorized to instruct them that the evidence is insufficient. The inferences from the testimony before them are for the jury.

On Exceptions from *Nisi Prius*, Cutting, J., presiding.

Assumpsit. The charges claimed in this suit were principally such as make up a store account.

The plaintiff produced his day book, and the suppletory oath was administered to him. He read over the entries, and said he had delivered the several articles read over to the defendant. This was all the evidence.

The defendant's counsel requested the instruction, *that*, to recover on this kind of evidence, it is necessary for plaintiff to testify that the entries were made in his book at or about the time of the transactions, and that they are the original entries thereof, and if such testimony is not given by the plaintiff, his book account is not made out, not-

withstanding no questions are asked him on that subject on the cross-examination.

The Judge declined the request, and did instruct the jury that no objection to the introduction of the book containing the charges being interposed by defendant, such book was proper for their consideration.

The verdict was returned for plaintiff, and exceptions to the refusal and ruling were taken by defendant.

*Gould*, in support of the exceptions, cited *Cogswell* v. *Doliver*, 2 Mass. 217; Greenl. Ev. vol. 1, § 118; *Ives* v. *Niles*, 5 Watts, 324; Evans' Pothier, part 4, art. 2, § 4; *Leighton* v. *Monson*, 14 Maine, 208.

*Marble, contra.*

SHEPLEY, C. J. — If objection had been made to their admission, neither plaintiff's books nor his suppletory oath could, upon the facts stated, have been legally admitted in evidence. Testimony appears to have been introduced from the plaintiff without objection, that he had delivered the several articles charged on his book produced to the defendant. The book containing those charges was introduced as testimony, and the charges upon it were read without objection. This testimony the Court could not withdraw from the consideration of the jury. The law has not in this State prescribed the amount of testimony to be produced to entitle a party to recover for goods sold and delivered. It requires that he should produce sufficient testimony to satisfy a jury that they were sold and delivered to the person, from whom payment is claimed, or to another by his request.

The instruction requested was applicable rather to an exclusion of the testimony than to its effect. The Court might properly refuse to instruct the jury what inferences they must or must not draw from the testimony, or what amount of testimony the plaintiff should introduce to be entitled to their verdict. To allow the Court to instruct the jury what precise amount of testimony must be pro-

duced to prove an issue, would enable it to prevent the jury from having any efficient control of the facts of a case.

The remark alluded to in argument, contained in the opinion in the case of *Leighton* v. *Manson*, 14 Maine, 213, appears to have been made in a discussion of the circumstances, under which the books of a party could be admitted as testimony. *Exceptions overruled.*